IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

John G. Albright,　　　　　　　　　　　　　　　Civil No. 04-522-AA
　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER
　　　　Plaintiff,

　　vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

　　　　Defendant.

---

Tim Wilborn
Wilborn & Associates, P.C.
2020-C SW 8th Avenue, PMB #294
West Linn, Oregon 97068
　　Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Craig Casey
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

JoAnne Dantonio
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
　　Attorneys for defendant

///

///

1　- OPINION AND ORDER

1 AIKEN, Judge:

2 Claimant, John Albright, brings this action pursuant to the
3 Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain
4 judicial review of a final decision of the Commissioner. The
5 Commissioner denied the plaintiff's application for Disability
6 Insurance Benefits (DIB) under Title II of the Social Security
7 Act and for Supplemental Security Income (SSI) under Title XVI of
8 the Social Security Act. 42 U.S.C. §§ 1381-83(f). For the
9 reasons set forth below, the Commissioner's decision is reversed
10 and remanded for payment of benefits.

**PROCEDURAL BACKGROUND**

12 The plaintiff first applied for DIB and SSI on April 9,
13 1998, alleging disability beginning February 14, 1998. Tr. 18.
14 These applications were denied initially and on reconsideration,
15 resulting in plaintiff's request for a hearing before an
16 administrative law judge (ALJ). Tr. 18. A hearing was held on
17 May 3, 1999, at which the plaintiff represented himself. Tr. 18.
18 The ALJ denied benefits, and there was no further appeal. Tr.
19 18.

20 Plaintiff filed the current applications for DIB and SSI at
21 issue on October 17, 2000. Tr. 85-85B, 517-529. He alleged
22 disability beginning February 14, 1998, based on mental illness,
23 back pain, and knee pain. Tr. 85, 86A. The applications were
24 denied initially and on reconsideration. Tr. 60-64, 67-69, 531-
25 35, 537-39.

26 An ALJ held a de novo hearing on November 20, 2002, at
27 which he heard testimony from two witnesses: plaintiff, who was
28 represented by counsel; and Elayne Leles, a vocational expert.

2   - OPINION AND ORDER

Tr. 18, 540-572. On January 11, 2003 the ALJ issued a decision finding that plaintiff was not disabled. Tr. 15. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 4-6. See 20 C.F.R. § 422.210.

## STATEMENT OF THE FACTS

Plaintiff was 40 years old at the time of the ALJ's decision. Tr. 545. He obtained a twelfth grade education but did not graduate with a diploma. Tr. 546. The plaintiff performed past relevant work as a shipyard laborer, grounds maintenance worker, and apartment manager. Tr. 568. The plaintiff alleges disability based the following severe impairments: back pain, left knee pain, depression with psychotic features, and anxiety. Tr. 18, 20. The relevant medical evidence is discussed below.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to

3 - OPINION AND ORDER

establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520©), 416.920©). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not

4   - OPINION AND ORDER

disabled. If she cannot perform past relevant work, the burden shifts to the Secretary.

In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

Here, the ALJ found at step one that the plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. Tr. 19, 33, Finding 2. This finding is not in dispute.

At step two, the ALJ found that the plaintiff had the severe impairments of low back pain, left knee pain, asthma, depression, and drug and alcohol dependence, in remission. Tr. 20, 33, Finding 3. This finding is not in dispute.

At step three, the ALJ found that the plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 30, 33, Finding 4. This finding is not in dispute.

The ALJ then determined that plaintiff had the residual functional capacity for a modified range of light work. Tr. 31, 33, Finding 7. The ALJ found that plaintiff had the capacity to: lift and carry 10 pounds frequently and 20 pounds occasionally; sit 6 hours of an 8-hour day and stand for two hours, but be able to change positions once an hour; occasionally climb, stoop, use stairs, kneel or crouch; work in an environment free of hazardous conditions or equipment, or concentrated odors, fumes, or dust;

5    - OPINION AND ORDER

and perform "routine type work, requiring no more than one-two-three step processes." Tr. 31. This finding is in dispute.

At step four, the ALJ found that the plaintiff was not able to perform his past relevant work. Tr. 32-35, Finding 8. This finding is not in dispute.

At step five, the ALJ found that, based on the above residual functional capacity, plaintiff could perform work existing in significant numbers in the national economy, including routing clerk, telephone quote clerk, and addresser. Tr. 32-33, Finding 9. This finding is in dispute.

The plaintiff alleges that the ALJ erred by improperly rejecting the opinion of examining psychologist Kirkhart, improperly rejecting the opinion of the plaintiff's mental health case manager, and improperly rejecting the plaintiff's complaints.

**DISCUSSION**

**1. The ALJ's Rejection of Dr. Kirkhart's Opinion**

Plaintiff argues that the ALJ's rejection of Dr. Kirkhart's opinion is improper because it is not supported by substantial evidence. Defendant argues that the ALJ properly evaluated the medical evidence and supported this evaluation with specific and legitimate reasons; therefore, the ALJ's rejection of Dr. Kirkhart's opinion is proper.

The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996)(internal citation omitted). Similar to the opinion of a treating physician, the opinion of an examining physician, even if

6   - OPINION AND ORDER

contradicted, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. Id.

Dr. Kirkhart examined the plaintiff on behalf of Disability Determination Services, and met with him three times in November and December 2000. Tr. 171. Her diagnoses included Attention Deficit/ Hyperactivity Disorder (ADHD); post-traumatic stress disorder; major depression, recurrent with psychotic features; amphetamine dependence, sustained full remission; a personality disorder; and an assigned Global Assessment of Functioning of 38, indicating severe mental impairments. Tr. 174. Dr. Kirkhart also opined that plaintiff's prognosis was guarded and that his symptoms were expected to last well over a year. Tr. 174. Dr. Kirkhart's opinion, however, was contradicted by Dr. Powell, who had previously examined the plaintiff and found that psychological reasons would not prevent the plaintiff from working. Tr. 141, 152.

Dr. Kirkhart's opinion is the 'contradicted opinion of an examining physician,' therefore, the ALJ must provide "specific and legitimate reasons" to reject it. The ALJ gave three reasons for rejecting Dr. Kirkhart's opinion: 1) her diagnoses were "amazing" given the plaintiff's average intelligence test scores; 2) she appeared to base her diagnoses on the plaintiff's subjective complaints; and 3) the MMPI-II test results were invalid. Tr. 28-29.

The first reason given by the ALJ for rejecting Dr. Kirkhart's opinion is that her diagnoses were "amazing" in light of the plaintiff's average intelligence test scores. Tr. 28.

7    - OPINION AND ORDER

This reason is not a legitimate basis for rejecting Dr. Kirkhart's opinion. I find no evidence to support the ALJ's theory that average performance on intelligence testing precludes serious mental illness such as depression, a personality disorder, or post-traumatic stress disorder.

The second reason given by the ALJ for rejecting Dr. Kirkhart's opinion is that Dr. Kirkhart appeared to base her diagnoses on the plaintiff's subjective complaints. Tr. 28. I disagree. The record reflects that Dr. Kirkhart's assessment was based on her interview, testing, and clinical observations of the plaintiff, all of which constitute objective evidence. See Social Security Ruling 96-7p ("A symptom is an individual's own description of his or her physical or mental impairments") and ("[s]ymptoms cannot be measured objectively through clinical or laboratory diagnostic techniques; however, their effects can often be clinically observed"). Dr. Kirkhart observed that plaintiff had rapid, tangential speech; that he made dramatic hand gestures while talking; and that he had difficulty listening and often interrupted. Tr. 172. Dr. Kirkhart also observed and noted plaintiff's thought disorder and his inability to internalize blame. Tr. 173. All of these observations are objective evidence to support Dr. Kirkhart's opinion.

In addition, Dr. Kirkhart's opinion is supported by the record, including the seven psychiatric hospitalizations that the plaintiff underwent after her examination. Tr. 304, 316, 318, 322, 461, 444-51, 507-10. Dr. Kirkhart's opinion is further supported by the opinion of plaintiff's case manager, Robert Childs, who opined that plaintiff's mental impairments prevent

8   - OPINION AND ORDER

him from working. Tr. 355. Because Dr. Kirkhart's diagnoses were based on objective evidence, this reason was not a legitimate basis for rejecting her opinion.

The third reason stated by the ALJ for rejecting Dr. Kirkhart's opinion was that the plaintiff's MMPI-II test results were invalid. The Commissioner argues that based on the invalid test results, Dr. Kirkhart concluded that her own opinion could not be relied upon. However, Dr. Kirkhart stated only that the results of the MMPI-II test were questionable, not that her own findings were not reliable. Tr. 178.

The plaintiff similarly had invalid MMPI-II results when he was examined by Dr. Powell, but the ALJ did not discredit Dr. Powell's opinion on this basis. Tr. 21, 150 Dr. Powell stated that the plaintiff's invalid scores did not rule out the possibility that the plaintiff was suffering psychological distress; the invalid scores were simply not helpful for diagnostic purposes. Tr. 150.

Like Dr. Powell, Dr. Kirkhart took the invalid test results into consideration in her final assessment. Therefore, the fact that the test was invalid was not a legitimate basis for rejecting Dr. Kirkhart's opinion.

None of the reasons given by the ALJ in rejecting Dr. Kirkhart's opinion were adequate. "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" Lester, 81 F.3d at 834, quoting Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989). Therefore, Dr. Kirkhart's opinion is credited as a matter of law.

9   - OPINION AND ORDER

## 2. The ALJ's Rejection of Robert Childs' Opinion

The plaintiff argues that the ALJ improperly rejected the opinion of the plaintiff's counselor and case manager, Robert Childs.

An ALJ is required to use "[i]nformation from both medical and non-medical sources" including observations by people who "have knowledge of the individual's functioning" when determining disability. See 20 C.F.R pt. 404, subpt. P, app. 1 § 12.00D; Schneider v. Commissioner, 223 F.3d 968, 975 (9th Cir. 2000). More weight is given to evidence from treating sources than non-treating sources, and to sources who have treated a claimant over time. See 20 C.F.R. § 404.1527(d)(2). An ALJ must provide germane reasons to reject lay witness testimony. Dodrill v. Shalala, 12 F.3d 915, 918-919 (9th Cir. 1993).

Mr. Childs opined in November 2002, that plaintiff is unable to work due to mental illness. Tr. 355. He reported that his case management team from Cascadia Mental Health Care had examined and treated plaintiff four to seven times per week since September 2002. Tr. 355. Mr. Childs noted that in the past plaintiff had not responded to traditional case management due to his severe trouble with mental illness, and that plaintiff is unable to work due to his various symptoms. Tr. 355-56. Mr. Childs also stated that plaintiff will use the hospital on a regular basis if he does not receive constant support from the case management team. Tr. 355.

The ALJ gave two reasons for rejecting Mr. Childs' opinion: 1) Mr. Childs was advocating for the plaintiff; and 2) Mr. Childs' opinion was contradicted by the plaintiff's other

10   - OPINION AND ORDER

counselors. Tr. 29.

The first reason given by the ALJ for rejecting Mr. Childs' opinion fails. The ALJ fails to provide any evidence to support his conclusion that Mr. Childs was advocating for the plaintiff. The Commissioner cited several cases describing situations in which an ALJ properly rejected an opinion because it came from an "advocate;" however, in these cases the conclusion that advocacy was a factor was supported by inconsistencies in the witness' testimony and evidence that the plaintiffs had sought the opinion for the purpose of reapplying for benefits. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1563 (9th Cir. 1995); Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992). Because the ALJ here does not provide support for his conclusion that Mr. Childs was advocating for the plaintiff, this reason is not a legitimate basis for rejecting Mr. Childs' opinion.

The ALJ next rejects Mr. Childs' opinion because his opinion of plaintiff's impairments was "much more limiting than the other counselors [the plaintiff] sees." Tr. 29. The ALJ cited only one contradictory opinion by another counselor: the opinion of the plaintiff's case manager during hospitalization, who examined the plaintiff on one occasion and opined that the plaintiff was at low risk for suicide and was using hospitalization as hotels. Tr. 29-30, 420. The frequency of a lay witness' interaction with a claimant is an important factor in determining the weight that should be given to that witness' testimony. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Here, Mr. Childs and his team saw the plaintiff between four and seven times per week, tr. 355, so Mr. Childs' opinion should be

11   - OPINION AND ORDER

given more weight than the opinion of someone who examined the plaintiff only once. Mr. Childs is in a useful position to observe the plaintiff's ability to function, and his opinion should be weighted accordingly.

In addition, numerous doctors' reports support Mr. Childs' opinion regarding plaintiff's limitations. The emergency room doctors who examined plaintiff were aware that homelessness was a factor in his hospitalization, but opined that hospitalization was justified due to plaintiff's severe depression and suicidal thoughts. Tr. 303, 317, 323, 423, 445, 452, 457, Tr. 461-462. At least seven different examining doctors diagnosed plaintiff with chronic mental illness. Tr. 356. This evidence supports Mr. Childs' opinion.

Neither of the reasons given by the ALJ for rejecting Mr. Childs' opinion was adequate. When lay witnesses statements have been improperly rejected they are credited as a matter of law. Schneider, 223 F.3d at 976, quoting Lester, 81 F.3d at 834. Therefore, Mr. Childs' opinion is credited as a matter of law.

**3. The Credited Opinions Establishment of Disability**

The plaintiff alleges that when the improperly rejected evidence is credited it establishes that he is disabled, and therefore the court should remand his case for an award of benefits. An award of benefits is appropriate when: (1) the ALJ failed to give legally sufficient reasons for rejecting evidence; (2) no outstanding issues remain; and (3) it is clear the ALJ would be required to award benefits when the improperly rejected evidence is credited. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).

12   - OPINION AND ORDER

As discussed above, the first element is met. The ALJ failed to give legally sufficient reasons for rejecting the opinions of the plaintiff's examining physician and of the plaintiff's counselor. The second element is met as well; as no outstanding issues remain.

The final element remains to determine whether it is clear that the ALJ would be required to award benefits when the improperly rejected evidence is credited. According to Dr. Kirkhart, when plaintiff is more stable she recommends that he participate in vocational rehabilitation. Tr. 174. However, she diagnosed the plaintiff with ADHD, post-traumatic stress disorder, major depression with psychotic features, and a personality disorder; opined that his prognosis is guarded; and opined that his symptoms are expected to last well over a year. Tr. 174. Because Dr. Kirkhart found that plaintiff is not expected to be stable enough to participate in vocational rehabilitation for well over a year, her opinion establishes disability.

Moreover, according to Mr. Childs the plaintiff has difficulty in public, suffers from anxiety and panic attacks, has difficulty sleeping, hears voices, feels hopeless and isolative, and has decreased energy. Tr. 355-356. Mr. Childs opined that the plaintiff had not responded to traditional case management due to his severe trouble with mental illness and the plaintiff is unable to work due to his various symptoms. Tr. 355-56. This opinion also supports the finding that the plaintiff is disabled due to his mental impairments.

Because the criteria of Harmon v. Apfel is met, this court

13   - OPINION AND ORDER

finds that an award of benefits is appropriate. Moreover, because the error found by this court allows a reversal of the ALJ's decision, the court declines to address the plaintiff's other allegations of error.

**CONCLUSION**

The Commissioner's decision is not based on substantial evidence, and is therefore reversed and remanded for payment of benefits.

IT IS SO ORDERED.

Dated this __25__ day of July 2005.

                                              /s/ Ann Aiken
                                                Ann Aiken
                                    United States District Judge